IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–44–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LEROY ALLEN HOLDEN, | |
| Defendant. | |

On August 8, 2025, Defendant Leroy Allen Holden filed a motion seeking counsel and to reduce his 72-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 36.) His projected release date is April 11, 2030. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed December 17, 2025). Counsel filed a memorandum regarding Holden's motion for compassionate release on October 21, 2025. (Doc. 40.) The government opposes the motion. (Doc. 41.)

### ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

1

reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2025).

Mr. Holden seeks compassionate release in order to care for his mother and his son. (Doc. 36 at 1.) Mr. Holden's counsel, however, acknowledges that Mr. Holden has no legal claim to a sentence reduction. (Doc. 40 at 2.) Counsel argues that Mr. Holden may have a colorable claim for a sentence reduction based upon his post-offense rehabilitation. (*Id.*) For the reasons discussed below, the Court denies the motion.

I. **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On August

28, 2025, Mr. Holden requested compassionate release with his prison warden. (*See* Doc. 40-1.) Mr. Holden did not receive a response. Therefore, because 30 days have passed since Mr. Holden sent the letter, Mr. Holden's motion is properly filed.

## II.     Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2025). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

  (i)   the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
  (ii)  due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health

> emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Mr. Holden seeks compassionate release so that he may care for his mother and his son. (Doc. 36 at 1.) Mr. Holden's post-offense claim is further based upon his remorse and engagement with the prison's programming opportunities. (*Id.*) The Court finds that Mr. Holden has failed to demonstrate extraordinary and compelling circumstances warranting of a sentencing reduction. The Court considered Mr. Holden's mother's situation and his son as factors at sentencing; these are not new circumstances warranting compassionate release. Moreover, Mr. Holden has failed to establish there are no other care options for his mother and son, and, as reflected in the Presentence Investigation Report, Mr. Holden's child was previously removed from him due to methamphetamine exposure in the home. (Doc. 35 ¶ 60.) Finally, Mr. Holden's participation in prison programming, though commendable, does not constitute a compelling basis for a sentence reduction, particularly in light of the absence of other compelling reasons. *See* U.S. Sent'g

Guidelines Manual § 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason").

### III.   Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On February 6, 2025, Mr. Holden was sentenced to a custodial term of 72 months to be followed by 5 years of supervised release after pleading guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 33.) At the time of sentencing, Mr. Holden's total offense level was 27 and his criminal history category was 5. (Doc. 34 at 1.) Accordingly, Mr. Holden's guideline range was 120 to 150 months. (*Id.*) The Court departed and varied downward from the advisory guideline range. (*Id.* at 2.) The minute entry

5

from the sentencing proceeding notes that the Court reviewed the §3553(a) factors at the time of sentencing; therefore, the Court need not address them in full again. (Doc. 32.)

In consideration of Mr. Holden's specific circumstances and the seriousness of the offense conduct, the factors outlined in 18 U.S.C. § 3553(a)—specifically the need to provide just punishment for the offense, respect for the law, and avoidance of sentencing disparities—do not support a sentence reduction, particularly in light of the fact that Mr. Holden has served only approximately 10 months of his 72-month sentence.

## CONCLUSION

Mr. Holden has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence. The § 3553(a) factors support denial of Mr. Holden's request.

Accordingly, IT IS ORDERED that the defendant's motion to reduce sentence (Docs. 36, 40) are DENIED.

DATED this 18th day of December, 2025.

_Dana L. Christensen_
Dana L. Christensen, District Judge
United States District Court